UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GREGORIO C.,

                        Plaintiff,                    **DECISION AND ORDER**

         v.

                                           1:19-CV-01027 EAW

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

## <u>INTRODUCTION</u>

Represented by counsel, Plaintiff Gregorio C. ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 14; Dkt. 18), and Plaintiff's reply (Dkt. 21). For the reasons discussed below, the Commissioner's motion (Dkt. 18) is denied, and Plaintiff's motion (Dkt. 14) is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## BACKGROUND

Plaintiff protectively filed his application for SSI on June 25, 2015.  (Dkt. 7 at 15, 147-153).[1]  In his application, Plaintiff alleged disability beginning April 25, 2015.  (*Id.* at 19, 147, 164).  Plaintiff's application was initially denied on October 21, 2015.  (*Id.* at 61).  At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") B. Hannan on March 26, 2018, with Plaintiff appearing in person in Buffalo, New York, and the ALJ presiding by video from Alexandria, Virginia.  (*Id.* at 15, 28-55).  On July 25, 2018, the ALJ issued an unfavorable decision.  (*Id.* at 15-24).  Plaintiff requested Appeals Council review; his request was denied on June 7, 2019, making the ALJ's determination the Commissioner's final decision.  (*Id.* at 5-9).  This action followed.

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept

---

[1]      When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. <u>Disability Determination</u>

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of

Regulation No. 4 (the "Listings").  *Id*. § 416.920(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. § 416.909), the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See id*. § 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work.  *Id*. § 416.920(f).  If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  *Id*. § 416.920(g).  To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience.  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

## DISCUSSION

### I.    The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920.  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since June 25, 2015, the application date.  (Dkt. 7 at 22).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: lower extremity amputation, neuropathy, anxiety, and depressive disorder.  (*Id.*).  The ALJ

further found that Plaintiff's medically determinable impairments of hypertension, Wolff-Parkinson-White syndrome, and deep vein thrombosis of the lower extremity were non-severe.  (*Id*.).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id*.).  The ALJ particularly considered the criteria of Listings 1.02, 1.05, 11.14, 4.00, 12.04 and 12.06 in reaching her conclusion.  (*Id*. at 22-24).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a) except that he can never operate foot controls with the left foot, and with the following additional limitations:

> [Plaintiff] can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds.  He can occasionally balance and stoop, but never kneel, crouch, or crawl.  The claimant can never work at unprotected heights or with moving mechanical parts.  He should avoid exposure to extreme cold and extreme heat.  The claimant can perform simple, routine, and repetitive tasks but not at a production rate pace.  He can make simple work related decisions. He can tolerate few changes in a routine work setting, defined as performing the same duties at the same station or location day to day.  The claimant can have occasional and superficial interaction with supervisors, coworkers, and the public.

(*Id.* at 24).  At step four, the ALJ found that Plaintiff has no past relevant work.  (*Id*. at 27).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of table worker, final assembler, and semiconductor bonder.  (*Id*. at 27-28).  Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act.  (*Id.* at 28).

## II.    Remand of this Matter for Further Proceedings is Necessary

Plaintiff asks the Court to either reverse or remand this matter to the Commissioner for further administrative proceedings, arguing that the ALJ's RFC findings are unsupported by competent medical opinion.  For the reasons set forth below, the Court agrees that the ALJ's assessment of Plaintiff's RFC was not supported by substantial evidence and that this error necessitates remand for further administrative proceedings.

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).  An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision." *Id.* However, an ALJ is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation omitted).  In other words:

> An ALJ is prohibited from 'playing doctor' in the sense that 'an ALJ may not substitute his own judgment for competent medical opinion. . . .  This rule is most often employed in the context of the RFC determination when the claimant argues either that the RFC is not supported by substantial evidence or that the ALJ has erred by failing to develop the record with a medical opinion on the RFC.

*Quinto v. Berryhill*, No. 3:17-cv-00024 (JCH), 2017 WL 6017931, at *12 (D. Conn. Dec. 1, 2017) (citations omitted).  "[A]s a result[,] an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) (quotation omitted).

In this case, the record contained only one medical opinion from a consultative examiner, Dr. Hongbiao Liu, which the ALJ afforded some weight. (Dkt. 7 at 26).  Plaintiff

argues, and the Court agrees, that Dr. Liu's opinion cannot constitute substantial evidence for the ALJ's RFC finding because it was inconclusive and based on an incomplete record.

Dr. Liu examined Plaintiff on September 10, 2015. (Dkt. 7-1 at 126-129). Dr. Liu noted Plaintiff's history of Wolff-Parkinson-White syndrome since childhood as well as a DVT (deep vein thrombosis) in April of 2015 that led to Plaintiff's left lower leg below knee amputation that same month. (*Id.* at 126). At the time of the examination, Dr. Liu noted that Plaintiff was wheelchair dependent and had "a pending orthopedic surgeon followup for prosthetic leg placement." (*Id.*). He noted Plaintiff's reporting of his left leg pain level as being 6/10. (*Id.*). Dr. Liu opined that Plaintiff "has severe limitation for prolonged walking, bending, and kneeling because of status post left leg BKA. A prosthetic leg is pending. The claimant should be reevaluated after the orthopedic surgeon consultation." (*Id.* at 129).

The ALJ gave Dr. Liu's opinion "some weight" in assessing Plaintiff's RFC. (Dkt. 7 at 26). The ALJ acknowledged Dr. Liu's opinion that Plaintiff had severe limitations for prolonged walking, bending, and kneeling because of his status post left leg below the knee amputation, as well as Dr. Liu's opinion recommending reevaluation after Plaintiff's orthopedic surgeon consultation. (*Id.*). Notwithstanding the absence of any reevaluation or record from such orthopedic surgeon consultation, the ALJ went on to assess Plaintiff's RFC based on her interpretation of the medical records. She noted that "[s]ubsequent to Dr. Liu's assessment, the claimant received his prosthetic and recent examination notes indicated that he is slowly getting used to it." (*Id.*). The ALJ noted that although Plaintiff still reported pain, the record reflected that medication reduced Plaintiff's pain. (*Id.*).

Finally, in discussing Dr. Liu's opinion, she noted that Dr. Liu's opinion did not assess Plaintiff's limitations and abilities in vocational terms.  (*Id.*).

"While in some circumstances, an ALJ may make an RFC finding without . . . opinion evidence, the RFC assessment will be sufficient only when the record is 'clear' and contains 'some useful assessment of the claimant's limitations from a medical source.'"  *Muhammad v. Colvin*, No. 6:16-cv-06369(MAT), 2017 WL 4837583, at *4 (W.D.N.Y. Oct. 26, 2017) (citation omitted).  In other words, "the ALJ may not interpret raw medical data in functional terms."  *Quinto*, 2017 WL 6017931, at *12 (quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008)).  That is precisely what the ALJ did here—she impermissibly reviewed the bare medical findings and translated them into functional assessments.  This is reversible error.  *See Henderson v. Berryhill*, 312 F. Supp. 3d 364, 371 (W.D.N.Y. 2018) (holding the ALJ's RFC finding was improper "[i]n the absence of the medical opinions rejected by the ALJ" and where the ALJ relied upon "raw medical data" in the plaintiff's treatment notes); *see also Gipps v. Berryhill*, No. 1:17-CV-01171 (HBF), 2019 WL 1986518, at *6 (W.D.N.Y. May 6, 2019) (remanding for further proceedings because "[d]uring the relevant period under review, there is no opinion of record by a treating physician or other medical provider that plaintiff was able to work and/or was ready to return to work or was capable of doing light work with the limitations found by the ALJ").

Defendant's citation to *Monroe v. Colvin*, 676 F. App'x 5 (2d Cir. 2017) and *Bliss v. Cmm'r*, 406 F. App'x 541 (2d Cir. 2011) (*see* Dkt. 18-1 at 14-15) to justify the ALJ's conduct is misplaced.  *Monroe* stands for the proposition that the record need not contain

a formal medical source statement or opinion if it otherwise contains a useful assessment of a claimant's functional abilities from a medical source.  *See Monroe*, 676 F. App'x at 8-9.  As another judge in this District recently explained, "[w]here the record does not contain a useful assessment of Plaintiff's physical limitations, *Monroe* is of no help to the Commissioner."  *Bartha v. Comm'r of Soc. Sec.*, No. 18-CV-0168-JWF, 2019 WL 4643584, at *3 (W.D.N.Y. Sept. 24, 2019) (quotation omitted).  Similarly, in *Bliss*, the pertinent issue was the weight given by the ALJ to multiple treating source opinions and the adequacy of the reasons for discounting them and not, as here, where there was an absence of any opinion evidence on Plaintiff's functional limitations.  In this case, apart from the incomplete opinions given only some weight by the ALJ, the record "is devoid of any assessment of plaintiff's exertional limitations and does not even contain any useful discussion of such limitations."  *Bartha*, 2019 WL 4643584, at *2.  On these facts, remand of this matter for further administrative proceedings is required.

Finally, the Court agrees with Plaintiff that, on the facts of this case, the ALJ should have re-contacted Dr. Liu or otherwise further developed the administrative record.  One of the reasons the ALJ provided for not giving greater weight to Dr. Liu's opinion was its failure to assess Plaintiff's limitations and abilities in vocational terms.  (Dkt. 7 at 26).  An ALJ has a duty to develop the record where there are "gaps in the record," or "when the record serves as an inadequate basis on which to render a decision."  *Dunne v. Comm'r of Soc. Sec.*, 349 F. Supp. 3d 250, 258 (W.D.N.Y. 2018) (quotation omitted); *Reithel v. Comm'r of Soc. Sec.*, No. 6:17-CV-06209 EAW, 330 F. Supp. 3d 904, 912 (W.D.N.Y. 2018) ("[T]he [ALJ] need only re-contact sources or obtain additional information where

there is a conflict or ambiguity that must be resolved but that cannot be resolved based on the evidence present in the record.") (quotation omitted).

Here, Dr. Liu's opinion, on its face, indicated that it was incomplete and that further reevaluation of Plaintiff was necessary. The ALJ could and should have re-contacted Dr. Liu and requested a complete evaluation subsequent to Plaintiff's obtaining his prosthetic and once he was no longer wheelchair bound. Instead, as discussed above, she erroneously decided to perform her own interpretation of the raw medical data, even in the absence of any other medical opinion evidence. *See Camille v. Colvin*, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015) ("[M]edical source opinions that are . . . based on an incomplete medical record may not be substantial evidence to support an ALJ finding."). This is not the rare case in which the impairments were so minor that the ALJ could render a common sense assessment of Plaintiff's abilities. Plaintiff had a lower leg amputation and the only opinion evidence was issued while he was confined to a wheelchair and moreover, that opinion expressly acknowledged that further information was necessary to conduct a complete evaluation. This evidentiary deficiency on such a material matter warranted further development of the record. *See Sheri S. v. Berryhill*, No. 3:18-CV-192 (DJS), 2019 WL 1429522, at *4 (N.D.N.Y. Mar. 29, 2019) ("In limited situations where impairments are relatively simple and mild, an ALJ may be able to 'render a common sense judgment about functional capacity even without a physician's assessment'; however, where there is 'a relatively high degree of impairment,' an ALJ is 'unqualified to assess residual functional capacity.'" (citation and quotation omitted)). The ALJ's failure to do so was error and remand is required.

- 10 -

## **CONCLUSION**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 18) is denied, and Plaintiff's motion for judgment on the pleadings (Dkt. 14) is granted to the extent that the matter is remanded fur further administrative proceedings consistent with this Decision and Order.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: January 27, 2021
         Rochester, New York

- 11 -